BARNS, PAUL D., Associate Judge.
At trial when represented by counsel, the public defender, appellant on an Information charging him with uttering a worthless check in violation of Section 832.05(3) (a), F.S.1967, F.S.A., was found guilty by a jury and so adjudged by the court and sentenced to a term of five years imprisonment. We affirm.
The check given was in the amount of $278.35 drawn on the Citizens Bank & Trust Co. of Titusville, Florida, for which he received from the payee, the Florida Equipment Company, two pieces of equipment ; one piece was valued at $550.50, and the other at $558.26. The check was dishonored for insufficient funds and the equipment has not been returned.
Appellant’s first point argued is that “the trial court erred in allowing evidence of unrelated crimes over the objection of the public defender, and failing to declare a mistrial on motion of the defendant”, which language is the same in substance as assignment of error No. 9 and cites transcript pages 53 and 75 to 79, inclusive, in support. Appellant’s attorney fails to identify any specific ruling on any specific objection relating to “other crimes”. The defendant testified that he had three bank accounts and could not read or write too well and that some times he got his accounts mixed up and that he had a little better than a thousand dollars in one bank. The “other crimes” referred to by appellant’s attorney have reference to questions propounded on cross-examination concerning other checks to other payees on different banks returned for insufficient funds. We fail to find error on this point. The state might have been precluded from initially offering in evidence as proof of the crime charged the matter inquired of on cross-examination, but likely not under the reasoning of Williams v. State (per Justice Thornal), Fla.1959, 110 So.2d 654. In that case and the other cases cited by the attorney for the appellant, the evidence was offered in support of the prosecution by the state and not on cross-examination. In the case at bar, the questions objected to and overruled were in cross-examination of the defendant and went to the credibility of his explanations or excuses for giving a check on a bank account when he did not *122 have sufficient funds to cover the amount of the check.
Appellant’s second point argued for reversal relates to a statement in argument to the jury by the prosecuting attorney which was not objected to at trial. No motion for new trial was made. The point is not based on any judicial act and neither fundamental nor plain prejudicial error appears by reason of the misstatement made by the prosecuting attorney. The judgment and sentence appealed is—
Affirmed.
REED and OWEN, JJ., concur.